# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
# CIRCUIT CIVIL DIVISION

MARYBETH LUKIE,
    Plaintiff,

vs.

METLIFE GROUP, INC.
    Defendant.
_____/

CASE NO.:

DIVISION:

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff MARYBETH LUKIE does hereby sue Defendant METLIFE GROUP, INC. and states as follows:

## GENERAL ALLEGATIONS

1. Defendant METLIFE GROUP, INC. (hereinafter "Defendant" and/or "Defendant MetLife") is a foreign corporation doing business in Tampa, Hillsborough County, Florida.

2. Plaintiff MARYBETH LUKIE (hereinafter "Plaintiff Lukie") is a current resident of Hillsborough County, Florida.

3. The amount in controversy currently exceeds $30,000.00.

4. Plaintiff Lukie was hired by Defendant in or around December of 2007.

5. Plaintiff Lukie originally was hired to work at Defendant's Morristown, New Jersey location.

6. The majority of Plaintiff Lukie's occurred after being transferred to Defendant's 18216 Crane Nest Drive, Tampa, Florida 33647 location.

7. At all times relevant hereto, Defendant employed more than fifteen (15) regular employees.

8. At all times relevant and throughout Plaintiff Lukie's employment with Defendant, Plaintiff Lukie adequately performed her job duties and functions and was highly regarded for her work product, work ethic, work ability, etc.

9. Throughout Plaintiff Lukie's employment with Defendant, Plaintiff Lukie was subjected to disparate, discriminatory and harassing treatment based on her sex (female).

10. Plaintiff Lukie realized early on in her employment that Defendant had a culture and mentality of male dominance, ie. "good old boys."

11. Plaintiff Lukie was one of the only female Vice President's and was regularly singled out for being female, both privately and in more public meetings.

12. Plaintiff Lukie was spoken to as an object and regularly had sexist remarks said to her, such as but not limited to, "is that a banana in my pants or am I just happy to see you," go bake a cake," "tell the women in Investment to keeps their legs crossed" in response to two (2) women going on maternity leave, being called a "cougar," etc.

13. Plaintiff Lukie, when promoting a male and a female, was told by her boss Mr. Karl Erhardt, to only promote the male and to not promote the female at that time because "she is a working mother."

14. Plaintiff Lukie was paid less than her male counterparts; Scot Orr, Jim Dingler, Howie Kurpit and Rob Semke (comparators).

15. Plaintiff Lukie complained of this disparate treatment, sexual harassment and sex-based discrimination to the following: Charley Simonton; Kevin Thorwarth; Lee Ann Murray; Karl Erhardt; Graham Cox (Executive Vice President Corporate Risk Management); Carlos Mendez; Human Resources, Frank Cassandra, Lori Evangel, etc.

16. Plaintiff Lukie's complaints would at first seem as if they would be taken care of but would very quickly be forgotten and/or ignored.

17. Plaintiff Lukie's disparate, discriminatory and harassing treatment only continued and began to increase as direct retaliation for having complained of said treatment.

18. In retaliation for Plaintiff Lukie's continued complaints, Plaintiff Lukie had her position and title taken from her and given to a male with zero experience. More specifically Plaintiff Lukie's title and position with regard to Third Party Asset Management was retaliatorily taken from her and given to a male with zero experience in Third Party Asset Management.

19. Plaintiff Lukie continued to complain about the disparate treatment but only continued to be harassed and retaliated against.

20. Plaintiff Lukie was constructively discharged on or around May 9, 2017, in retaliation for complaining of sex-based discrimination, harassment and retaliation.

21. The above paragraphs only describe a small portion of the discriminatory, harassing and retaliatory treatment that Plaintiff Lukie was subjected to. Plaintiff Lukie does hereby reserve the right to amend this Complaint in that regard as the case moves forward and discovery is conducted.

## COUNT I
### Sex Discrimination – FCRA

22. Plaintiff Lukie realleges paragraphs 1-21 as if fully alleged herein.

23. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760 ("Chapter 760").

24. Plaintiff Lukie was discriminated against because of her sex (female).

25. The allegations described above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Lukie.

26. Defendant, at all times relevant thereto, had actual and constructive knowledge of the conduct described in paragraphs 1-21.

27. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Lukie from further discrimination, Plaintiff Lukie suffered emotional distress.

28. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-21.

29. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

30. Plaintiff Lukie is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known. Plaintiff Lukie will seek leave of Court to amend this Complaint in that regard.

31. On or around March 5, 2018, Plaintiff Lukie dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing her charge of discrimination. Plaintiff Lukie has exhausted her administrative remedies.

32. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff Lukie has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer

a loss of earnings and other employment benefits and job opportunities. Plaintiff Lukie is thereby entitled to general and compensatory damages in amounts to be proven at trial.

33. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring Plaintiff Lukie. Plaintiff Lukie is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

34. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Lukie has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Lukie, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Lukie requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

35. Plaintiff Lukie demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Lukie prays this Court award judgment in her favor against Defendant MetLife for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

## COUNT II
### Sex Harassment – FCRA

36. Plaintiff Lukie reallege paragraphs 1-21 as if fully alleged herein.

37. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760 ("Chapter 760").

38. Plaintiff Lukie was harassed because of her being a female.

39. The allegations described above represent only a fraction of the inappropriate, harassing and disparate treatment and conduct by Defendant directed at Plaintiff Lukie.

40. Defendant MetLife, at all times relevant thereto, had actual and constructive knowledge of the conduct described in paragraphs 1-21.

41. As a result of the harassment based on sex perpetuated by Defendant and maintained by Defendant's failure to protect Plaintiff Lukie from further harassment, Plaintiff Lukie suffered emotional distress.

42. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-21.

43. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate harassment from the workplace and to prevent it from occurring in the future.

44. Plaintiff Lukie is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing practices against her which are not yet fully known. Plaintiff Lukie will seek leave of Court to amend this Complaint in that regard.

45. On or around March 5, 2018, Plaintiff Lukie dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida

Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing her charge of discrimination. Plaintiff Lukie has exhausted her administrative remedies.

46. As a direct and proximate result of Defendant's willful, knowing and intentional harassment against Plaintiff Lukie, Plaintiff Lukie has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and Plaintiff Lukie has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Lukie is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. Plaintiff Lukie is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring Plaintiff Lukie. Plaintiff Lukie is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

48. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Lukie has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Lukie, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Lukie requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

49. Plaintiff Lukie demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Lukie prays this Court award judgment in her favor against Defendant MetLife for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

## COUNT III
Retaliation – FCRA

50. Plaintiff Lukie realleges paragraphs 1-21 as if fully alleged herein.

51. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760 ("Chapter 760").

52. Plaintiff Lukie complained of disparate treatment based on sex and of discrimination and harassment based on sex both orally and in writing.

53. Plaintiff Lukie was retaliated against for making said complaints.

54. Plaintiff Lukie was subjected to increased scrutiny of work, threats of termination, etc.

55. Plaintiff Lukie had her title and position taken from her in retaliation.

56. Plaintiff Lukie was constructively discharged on or around May 9, 2017.

57. Defendant, through its agents and/or supervisors, engaged in unlawful retaliation against Plaintiff Lukie after Plaintiff Lukie engaged in statutorily protected activity by retaliating against Plaintiff Lukie as described above and by subjecting Plaintiff to further increased scrutiny, hostility, further disparate treatment and constructive discharge all in violation of Chapter 760.

58. The above described retaliatory conduct adversely affected the terms and conditions of Plaintiff Lukie's employment and interfered with Plaintiff's emotional well-being.

59. Defendant MetLife, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-21 and 52-56.

60. As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Lukie from further retaliation, Plaintiff Lukie suffered emotional distress.

61. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-21 and 52-56.

62. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

63. Plaintiff Lukie is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against her which are not yet fully known. Plaintiff Lukie will seek leave of Court to amend this Complaint in that regard.

64. On or around March 5, 2018, Plaintiff Lukie dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing her charge of discrimination. Plaintiff Lukie has exhausted her administrative remedies.

65. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff Lukie has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Lukie is thereby entitled to general and compensatory damages in amounts to be proven at trial.

66. Plaintiff Lukie is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring Plaintiff Lukie. Plaintiff Lukie is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

67. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Lukie has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Lukie, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Lukie requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

68. Plaintiff Lukie demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Lukie prays this Court award judgment in her favor against Defendant MetLife for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

Dated: March 18, 2020                                    Respectfully Submitted,

*/s/ Kathryn C. Hopkinson*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com

**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com

**THOMPSON LEGAL CENTER, LLC**

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Lukie*